ELIJAH ELLIS, Executor, v. J. A. MEADOWS and others.

*Construction of Will.*

A testator provided in his will that the residue of his estate, if any, should be distributed among his legatees (before named) *pro rata*, and if the estate should be insufficient to pay all the legacies in full, then all the legacies are to be abated *pro rata*, and the executor had in his hands a considerable sum after paying debts, &c; *Held* that the fund belongs to the legatees and must be distributed among them according to the value of their bequests. The devisees as such are entitled to no part thereof.

(*Tayloe v. Bond,* Busb. Eq., 5, cited and approved.)

PROCEEDING for the construction of a will submitted without controversy, under section 315 of the Code, and heard at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger, J.*

The defendant, Thomas S. Howard, appealed from the ruling of the court below.

*Mr. W. W. Clark*, for plaintiff.
*Messrs. A. G. Hubbard* and *Merrimon & Fuller*, for defendant.

SMITH, C. J.  Amos Wade died in December, 1879, leaving a will in which, after devising certain lots in Newbern, and making several pecuniary and other bequests, some with, and others without, contingent limitations over, he disposes of the residue of his estate in the eleventh clause, as follows:

The residue of my estate, if any, I give to the foregoing legatees, to be distributed among them *pro rata*, and if my estate should be insufficient to pay all of the said legacies in full, then all the said legacies are to be abated, *pro rata.*

The plaintiff, his executor, after payment of the debts, expenses of administration, and the several legacies, has in his hands a considerable sum of money, held under this clause, about which the defendants set up conflicting claims, and the controversy as to the proper construction thereof is submitted without action upon an agreed statement of facts for the judgment of the court.

The contentions among the defendants are thus summarily stated:

1. The defendants, Mary Chadwick, Nancy Willis and Elizabeth W. Pearce, insist that the fund shall be divided *per capita* among the legatees, and the same sum paid to each.

2. The defendants, Jane K. Meadows, R. P. Williams and

Sarah A. Williams, that the distribution shall be according to the value of the several legacies.

3. The defendant, Thomas C. Howard, that the lands devised to him shall be added to his legacy, and their aggregate value measure his share in the apportionment of the fund.

4. The defendant, Thomas S. Howard, claims a share proportional to the value of the land devised to him in the original will, notwithstanding the revocation of the devise and different disposition of the property made in the first codicil thereto.

The interpretation of the clause of the will recited, and the determination of the conflicting claims for the exoneration of the executor are the objects of this proceeding.

In the construction of a testamentary instrument, some general rules have been adopted to aid in arriving at the general and controlling intent of the testator, which, when ascertained, must prevail in giving effect to his words, and the court can do little more than apply them to the infinite diversity of terms in which that intent unaided by counsel, finds expresssion. One of these rules, in careful and guarded language, is thus laid down, the first of a series of propositions, by SIR JAMES WIGRAM:

A testator is always presumed to use the words in which he expresses himself, according to their strict and primary acceptation, unless, from the context of the will, it appears he has used them in a different sense; in which case, the sense in which he thus appears to have used them, will be the sense in which they are to be construed. Wig. Wills, 58.

1. Under the guidance of this rule the devisees of the land, as such, are entitled to no part of the fund for the sufficient reason that they are not *legatees*, and there is nothing in the context, or in the entire instrument to extend the operation of the word beyond its usual and proper meaning.

2. The fund belongs to the legatees, and must be distributed among them according to the value of their bequests, including the furniture with the sums of money given.   Two aspects of the case were present in the testator's mind.  .His estate might prove insufficient to make good the legacies, and then they were to abate ratably; or there might be a surplus, and then each legacy was to be increased in the ratio they bore to each other.   There is no ground whatever to put upon the same word, *pro rata,* used in the alternative parts of the same clause, a different import.   As in one event the legacies abate *pro rata,* so in the other, they are increased *pro rata;* and the entire estate is disposed of upon the basis on which the beneficiaries of the testator's bounty would take, if there had been no surplus at all.

4. The question as to what estate in the land devised to Thomas C. Howard vests in him on his arriving at full age, is not a proper subject for the consideration of the court in this proceeding, nor within its province to determine in advance.   With it the executor has nothing to do, and if he had, in the language of PEARSON, J., the court " will not give advice to an executor in respect to his future conduct or future rights.   *Tayloe* v. *Bond,* Busb. Eq., 5.

The judgment rendered in the court below must be modified in conformity with this opinion, and in other respects is confirmed, and a judgment will be entered here accordingly.

Error.                              Modified and judgment here.