JOHN W. COLE and others v. H. W. COVINGTON and others.

*Wills—Devises and Bequests.*

1. A testator is presumed to use words in their strict primary acceptation, unless it is discovered from the context of the will that they were used in a different sense.

2. After *devising* lands and *bequeathing* personal property, the testator in the residuary clause devises and bequeaths to his executor all the residue of his estate, real and personal, to be sold, and directs that debts and legacies be paid, and that the balance of proceeds of sale be divided among legatees in proportion to legacies severally given ; *Held* that the devisees as such are not entitled to share in the distribution of the proceeds.

3. A bequest of a debt to a debtor does not extinguish the debt, but operates as a *legacy*, and is liable like other assets to the payment of debts of the estate. And hence under the residuary clause here, the *legatees* whose legacies consisted of their own debts, as well as the other legatees, will share in the distribution.

(*Holmes* v. *Mitchell*, 2 Mur., 228 ; *Williams* v. *McCombs*, 3 Ired. Eq., 450 ; *Ellis* v. *Meadows*, 84 N. C., 92 ; *Anthony* v. *Smith*, Busb. Eq., 188; *Cheshire* v. *Cheshire*, 2 Dev. & Bat., 254, cited and approved )

CIVIL ACTION for construction of will tried at Spring Term, 1881, of RICHMOND Superior Court, before *Gudger, J.*

Stephen W. Covington died in the county of Richmond, leaving a last will, in which he disposed of his estate as follows :

Item 1. I give to my nephew Harrison W. Covington what he owes me and two hundred dollars in addition.

Item 2. I give and bequeath to each of the children of my deceased brother, Benjamin H., one hundred dollars.

Item 3. I give and bequeath to Elizabeth Wheeler and Sallie Dowd, children of my deceased sister, Sarah A. Little, five hundred dollars each.

Item 4. I give and bequeath to Caroline H. Cole, wife of A. T. Cole, and to Martha H. Covington, wife of E. D. Covington, six hundred and twenty-five dollars each.

Item 5. I give and bequeath to Fannie Dockery, wife of H. C. Dockery, and to Henrietta Walker, wife of P. D. Walker, five hundred dollars each.

Item 6. I give and bequeath to the children of my deceased nephew, William C. Covington, five hundred dollars to be equally divided between them.

Item 7. I give and bequeath to my sister-in-law, Rachel C. Covington, wife of my deceased brother, C. C. Covington, one hundred dollars.

Item 8. I give and devise to my nephews, James M. Covington, C. M. Covington and W. W. Covington, my tract of land on the northwest side of Hitchcock creek, known as the "Lamply Place," to hold to them and their heirs as tenants in

common. I also give and bequeath to each of them the amount of the debts they severally owe me. ·

Item 9. I give and devise to my nephew, Calvin C. Covington, and to my niece Corinna Horne, my " Home Place," to have and to hold as tenants in common. I further give and bequeath to each of them five hundred dollars, and to C. C. Covington my gold watch and chain, and whatever he may owe me.

Item 10. I give and devise and bequeath to my executors hereinafter named, all the rest and residue of my estate, real, personal and mixed, to be sold by them, and after the debts and costs and charges of administration of my estate and the legacies herein provided for are paid in full, then the balance of the proceeds of sale and amount collected on debts due me, is to be divided among my nephews and nieces herein mentioned in proportion to the legacies severally given to them herein.

Both parties appealed from the judgment of the court below.

*Mr. Frank McNeill*, for plaintiffs.
*Mr. John D. Shaw*, for defendants.

RUFFIN, J. The action is brought for the purpose of obtaining the advice of the court in construing the will of Stephen W. Covington. In the complaint several difficulties are suggested, as to all of which the parties received the advice of the court below, and a judgment was rendered in accordance therewith, from which a portion of the plaintiffs, to-wit, J. M. Covington, C. M. Covington, W. W. Covington, C. C. Covington, and the defendant, H. W. Covington, appealed, presenting for the consideration of this court but two points as to which advice is asked :

1. Whether, in the distribution of the estate under the residuary clause, and ascertaining the share of each of the

nephews and nieces therein, the lands devised to some are to be considered, and if so, how the same are to be valued.

2. Whether in such distribution the debts forgiven to some are to be considered, and if so, how their values are to be ascertained.

His Honor was of the opinion that neither the devises nor the debts forgiven should be taken into account in determining the shares of the several parties in the distribution under the said residuary clause, and so declared in the judgment rendered.

As to the first point: We fully concur in the opinion expressed by His Honor. It is unquestionably true that in several instances, both in England and this state, the term "legacy," which in its technical sense is peculiarly applicable to personal estate, has been so construed by the courts as to embrace lands. *Hope* v. *Taylor*, 1 Burr., 268; *Hardnell* v. *Nash*, 5 Dum. and East, 716; *Ladd* v. *Harvey*, 1 Foster, 514: *Holmes* v. *Mitchell*, 2 Mur., 228; and *Williams* v. *McCombs*, 3 Ired. Eq., 450.

But in each of those cases the wills were inartificially drawn, and were evidently the work of some one not versed in technical, legal phraseology, and the courts felt constrained by the context thus to interpret the term, in order to give effect to the testator's intentions as manifested by the whole will. In this instance, we find nothing in the context to control the strict, legal signification of the word used. The testator, if he himself drew the instrument, and if not, then the person employed, was evidently conversant with the correct use of legal terms, as is apparent from the change of phraseology in the different clauses, and sometimes in the same clause of the will, with reference to dispositions of real and personal estate. This being so, the case falls absolutely under that of *Ellis* v. *Meadows*, 84 N. C., 92, in which the present Chief Justice quotes with approbation the rule laid down by SIR JAMES WIGRAM, that every testator must be

presumed to use words in their strict primary acceptation, unless it be discovered from the context that they were used in a different sense.

As to the other point: We feel ourselves constrained by the authorities to adopt a view differing from that which His Honor seems to have taken of it. "If a testator expressly bequeaths the debt to his debtor, this being nothing more than a release by will, operates only as a *legacy*, and the debt is assets, and subject to the payment of the testator's debts." Williams on Ex'rs., 1174. Again at page 1235, the same author says, if a testator by will forgive a debt due to him, it is to be regarded in the light of a *legacy*, and like all other legacies, not to be sanctioned by the executor, in case the estate be insufficient for the payment of debts.

In *Rider* v. *Wager*, 2 Piere Williams, in speaking of a bequest of a debt to a debtor, the LORD CHANCELLOR said, it was no more than a release by will, which though not in strictness a release, being by will, could only operate as a *legacy*, and must be assets and liable to pay the testator's debts. In *Anthony* v. *Smith*, Busb. Eq., 188, where a testator bequeathed to his debtor the bond which constituted the debt, and after making the will, caused it for certain reasons to be renewed, this court held, that such a renewal was no ademption of the *legacy*. But in *Cheshire* v. *Cheshire*, 2 Dev. & Bat., 254, the very point for consideration was, whether such a bequest of a debt to the debtor, should be regarded as an *extinguishment* of the debt, or as a *legacy* requiring the assent of the executor, and the court say that, after an examination of all the conflicting *dicta* on the point, they adopt the conclusion that it is a *legacy*, as being most in accordance with principle and best sustained by authority.

Such being the nature of a bequest of this character, it needs no straining of the testator's words to admit those persons to whom their debts were forgiven, to participate in the distribution provided for in the general residuary clause

of the will, and to allow them the benefit of those debts in ascertaining the amounts they severally are to take thereunder, unless there be something beyond the mere use of the term "legacy," which indicates a purpose of the testator to exclude them.

In the case of *Sholl* v. *Sholl*, 5 Barb., 312, cited in 2 Redfield on Wills, 133, to which reference was made by counsel, the supreme court of New York held, that a specific bequest of one's indebtedness to the testator was not such a legacy as to entitle the debtor to share with other legatees in a contingent residuary fund. But there, the testator after having bequeathed to his brother a debt due from him, gave money legacies to divers other persons, and directed "that the said legacies, *except that portion given to his brother*, should be a lien upon his real estate, which real estate should be sold, and from the proceeds thereof *the said legacies* paid; and it was held that the testator, by excepting the bequest to the brother from the operation of the clause making the legacies a lien upon his real estate, indicated a clear intention of excluding him from the participation in the proceeds of that estate.

In our case, however, we can discover no such purpose on the part of the testator to exclude that class of legatees. On the contrary, it occurs to us that full effect cannot be given to his main, primary intention, as expressed in the tenth clause of his will, except by admitting them as participants thereunder. What is that intention? Most obviously, that after the payment of his debts and specific legacies, the residue of the fund arising from the sale of his property shall be divided amongst *all* his nephews and nieces previously mentioned—"the balance to be divided amongst my nephews and nieces herein mentioned" are the comprehensive words used, and "the legacies severally given to them," are referred to, not to indicate who shall take, but the proportions of their respective shares.

The limited construction insisted on would wholly defeat the operation of the testator's words, by excluding the three nephews mentioned in the eighth clause; whereas the more liberal one, and which seems to us to be the true one, leaves every word written to operate according to its natural import.

We are therefore of opinion that it was error to exclude those parties, whose legacies consisted of their own debts, from all participation in the residuary fund, and to that extent the judgment of the court below should be modified.

There must be a reference to ascertain the values of those debts, and supposing that the convenience of the parties will be subserved thereby, we direct that the cause shall be remanded to the court below, to the end that the reference may be there had.

Error.                                    Judgment accordingly.