MARGARET L. PATTERSON v. J. M. WILSON and J. N. PATTER-
SON, Ex'rs of WILLIAM PATTERSON.

*Will—Legacy—Property—Money.*

1. While the word "property" in its legal sense ordinarily includes
   money, yet where it can be seen from other parts of a will in
   which it is used that it was not so intended, that interpretation
   will be given it by the Courts with which the testator had evi-
   dently employed it.

2. P. devised to his wife the "plantation on which I now live  *  *  *
   also two mules (and various other articles of personal property—
   naming them), also one thousand dollars to be paid to her out of my
   estate" for her life, and in the succeeding clause he devised to
   his daughter, M., "at my wife's death  *  *  *  all the property
   of whatever description that I have heretofore willed to my
   wife;  *  *  *  I also will and bequeath to my daughter M. one
   thousand dollars": *Held*, that the legacy of $1,000 to the wife did
   not pass under the bequest to M.

This is a CONTROVERSY, submitted to the Court without
action, as allowed by the statute (*The Code*, §§ 567–569), and
heard before *Boykin, J.*, at February Term, 1888, of MECK-
LENBURG Superior Court.

It appears that the testator of the defendants, William
Patterson, died in the county of Mecklenburg, leaving a last
will and testament which was duly proven. The following
is a copy of such parts thereof as are material here :

"*Item 3d.* I will and bequeath to my beloved wife, Eliza-
beth C. Mc. Patterson, the plantation on which I now live,
containing four hundred acres, be there more or less, during
her natural life-time; also two of my mules or horses of her
choice, and my blind horse (named Joe); also five head of
cattle and fifteen hogs of her choice; one of my four-horse
wagons and harness ; my one-horse wagon ; one set of black-
smith tools; my cotton gin and running works ; my carriage

and harness, buggy and harness, and sufficient farming utensils to carry on a four-horse farm; also a quantity of provisions for her family and stock for one year; also all of my household and kitchen furniture, except such as I may hereafter will and bequeath; also one thousand dollars, to be paid to her out of my estate by my executors.

*Item* 4th. I will and bequeath to my daughter, Margaret L. H. Patterson, at my wife's death, my plantation on which I now live, containing four hundred acres, more or less; also all the property of all descriptions that I have heretofore willed to my wife; I also will and bequeath to my daughter, Margaret L. H. Patterson, one thousand dollars; also two of my horses or mules of her choice, after her mother has had first choice; also my gold watch and chain which she now has in her possession; also my piano and two beds and furniture; one bureau, one set of chairs, one folding-leaf table, and a bridle and saddle; I also will and bequeath to my daughter Margaret one half of all the crop that is made on the plantation on which I now live during my wife's lifetime; all to be her's forever.

*Item* 12th. I will and direct that all of my property not herein willed be sold at public auction for cash and that all my notes and accounts on hand be collected by my executors, and after all my debts are paid and all the money I have herein willed is paid over, then the balance of the money to be equally divided between my wife, my daughters Margaret L. H. Patterson, Leonora L. Wilson, Banna A. J. Alexander, my son John A. W. Patterson, and one child's share of it to be equally divided between my grandsons William J. Houston and G. S. Houston.

The plaintiff is the person named in the fourth item of the will. Elizabeth Patterson, the wife of the defendants' testator, died before her husband some two years. The plaintiff claims that by virtue of the general limitation over

to her, contained in the fourth item of said will of all the property which had been devised and bequeathed to her mother in the third item of the will, the sum of one thousand dollars bequeathed to her mother in said third item passed to her. The personal property of the estate is sufficient to pay all the debts and a part at least of the legacies, including part of plaintiffs, if the Court shall be of opinion that the plaintiff is entitled to recover the same."

The Court adjudged that the plaintiff was not entitled to the legacy of $1,000, and she appealed.

*Messrs. W. P. Bynum* and *C. W. Tillett*, for the plaintiff. *Messrs. Burwell & Walker* (filed a brief), for the defendants.

MERRIMON, J. (after stating the case.) The appellant's counsel contended on the argument that the words " also *all the property of all descriptions* that I have heretofore willed to my wife," as used in the fourth clause above recited of the will mentioned, properly interpreted, embraced the sum of one thousand dollars given to the wife of the testator by the third clause thereof recited above. No doubt such words might in some connections embrace money as well as other property certainly embraced by the term property, but do they as employed in the will before us ?

The testator's intention must prevail, and in ascertaining what it is, words and phrases must be allowed to have the meaning and effect he intends to give them, if this can be done consistently with settled rules of law. Hence, to a large extent, the interpretation of every will must depend upon what is in and intended by it, without strict regard to the ordinary legal or common meaning of the words or the general rules of interpretation. Every will must, in large measure, be interpreted by itself.

The third, and so much of the fourth clause of the will before us as has reference to the property embraced by the

third, must be construed together—they have a direct bearing each upon the other, and dispose of the property first to the testator's wife for life, and after her death to his daughter Margaret. It will be observed that, in the third clause, he classifies the property he intends his wife to have. First, he devises to her certain lands for her natural life; secondly, he gives her divers kinds and quantities of personal property, particularly designated and adapted to particular purposes; and thirdly, he gives her "one thousand dollars, to be paid to her out of my (his) estate."

It is apparent from the nature and the manner of the gift of the personal property, other than the money, that the testator intended his wife to use and apply it for the purposes to which it was adapted and intended, in the ordinary view of it, and not to sell or otherwise dispose of it, so that when the wife should die the daughter might have so much of it as should not be worn out by the ordinary use of it or consumed in the use. It was otherwise, however, as to the money given. In its nature, it could not be used, worn and partly consumed and partly left like the other property.

Money is intended for and adapted to the purposes of exchange—it is to be parted with from time to time, as occasion may require, for property or advantage of some kind. The testator intended, nothing to the contrary appearing, that his wife should have and enjoy the money as money is ordinarily enjoyed. He does not say that she shall have the interest that may accrue upon it; he gives it to her—directs it "to be paid to her," thus implying the absolute gift of such peculiar property. He gives point to his meaning, in that he directs this legacy to be paid "out of my (his) estate"; and in the twelfth clause of his will directs that "property shall be sold for cash" and his "notes and accounts" be collected, and this and like legacies be paid out of the fund so arising.

While the term "property," in its broad legal sense, embraces money in its ordinary acceptation, among people not familiar with legal terms and phraseology it does not—they use that term as applicable to things, such as horses, oxen, cattle, wagons, plows, hoes, corn, hay, things to be eaten, and the like. Money, among such people, and generally, indeed, is regarded and treated as different from "property," accepting the broadest legal meaning of that word.

We think the testator, in the will before us, did not use the term " property," in the fourth clause of his will, in such sense as to embrace money—he intended it to appy to mules, horses, wagons, carriages, farming implements, and the like. *Pippin* v. *Ellison*, 12 Ired., 61; *Webb* v. *Bowler*, 5 Jones, 362; *Cole* v. *Covington*, 86 N. C., 295.

There is no error, and the judgment must be affirmed.

Affirmed.